

IN THE STE. GENEVIEVE COUNTY CIRCUIT COURT
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL LURK, | ) |
| Plaintiff, | ) Cause No.: |
| vs. | ) Div. No. |
| THE AMERICAN RED CROSS, | ) Personal Injury - Other |
| SERVE:  Office Manager/Person in Charge 10195 Corporate Square Dr. St. Louis, Missouri 63132 | ) Jury Trial Demanded |
| and | ) |
| JANE DOE, | ) |
| (HOLD SERVICE) | ) |
| Defendants. | ) |

## PETITION

Comes now Plaintiff Michael Lurk, by and through counsel, and for his cause of action against Defendants The American Red Cross and Jane Doe, states as follows:

1. That Plaintiff Michael Lurk (hereinafter "Plaintiff") is now and was at all times herein mentioned a resident of Ste. Genevieve, Missouri.

2. That on or about December 7, 2017, Plaintiff volunteered to donate blood through a blood drive held at Ste. Genevieve County Memorial Hospital in Ste. Genevieve, Missouri.

3. That Defendant The American Red Cross (hereinafter "Defendant Red Cross") is in the business of collecting, processing and distributing blood from individual volunteers such as Plaintiff and has a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances in the provision of blood collection services.

4. That Plaintiff's blood donation was performed by Jane Doe (name currently unknown to Plaintiff), who was at all times herein mentioned a resident of Missouri acting as the agent, servant or employee of Defendant Red Cross and within the scope and course of her agency and/or employment.

5. Prior to filing this Petition, Plaintiff's attorney obtained a written opinion from a competent and qualified Registered Nurse who is Vascular Access Board Certified (VA-BC), certifying the merit of this claim as required by law. See the Affidavit of Plaintiff's attorney, David G. Hughes, filed herewith as Exhibit A.

<u>COUNT I</u>

Comes now Plaintiff, and for his cause of action against Defendant Red Cross, states:

6. That Plaintiff adopts every allegation contained in Paragraphs 1 through 5 as if fully alleged herein.

7. That Defendant Red Cross, by and through its agents, servants and employees, failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by healthcare professionals and was negligent in one or more of the following respects, in that:

(a) Defendant Red Cross' employee, agent and/or servant Jane Doe failed to identify an arterial puncture versus a venous puncture during the blood donation/collection procedure;

(b) Defendant Red Cross' employee, agent and/or servant Jane Doe failed to remove the needle from the right radial artery and to properly manage the arterial puncture site;

(c) Defendant Red Cross' employee, agent and/or servant Jane Doe lacked proper venipuncture technique during the blood donation/collection procedure, resulting in an arterial puncture;

(d) Defendant Red Cross failed to properly educate, train, precept and monitor Defendant Jane Doe as its employee, agent and/or servant, resulting in a documented puncture into Plaintiff's right arm radial artery and causing permanent injury to Plaintiff;

(e) Defendant Red Cross failed to properly educate Defendant Jane Doe related to the inadvertent arterial puncture and need to follow up with a physician for assessment and intervention.

8. That as a direct and proximate result of Defendant Red Cross' negligence, Plaintiff suffered severe right arm and right radial artery injury which has required numerous surgeries including, but not limited to, median nerve release, carpal tunnel release, radial artery bypass with vein graft, thrombectomy and repeat thrombectomy, and multiple attempts of reconstruction of his radial artery; Plaintiff has endured additional ongoing pain and suffering, has incurred approximately $200,000.00 in medical bills to date, and will require additional medical and surgical care for the remainder of his life; and Plaintiff

has lost time and wages from work and will lose additional time and wages from work in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Red Cross for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), and for his costs.

### COUNT II

Comes now Plaintiff, and for his cause of action against Defendant Jane Doe, states:

9. That Plaintiff adopts every allegation contained in Paragraphs 1 through 8 as if fully alleged herein.

10. That Defendant Jane Doe had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of her profession in the treatment of Plaintiff.

11. That Defendant Jane Doe failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by healthcare professionals and was negligent in one or more of the following respects:

(a) Defendant failed to identify an arterial puncture versus a venous puncture during the blood donation/collection procedure;

(b) Defendant failed to remove the needle from Plaintiff's right radial artery and to properly manage the arterial puncture site;

(c) Defendant lacked proper venipuncture technique during the blood donation/collection procedure resulting in an arterial puncture;

Electronically Filed - Ste Genevieve - November 13, 2019 - 03:26 PM

(d) Defendant was not properly educated, trained and/or prepared to perform the venipuncture procedure for blood donation/collection, resulting in a documented puncture into Plaintiff's right radial artery thereby causing permanent injury to Plaintiff;

(e) Defendant lacked patient education related to inadvertent arterial puncture and the need to follow up with a physician for assessment and intervention.

12. That as the direct and proximate result of the aforesaid negligence and carelessness of Defendant Jane Doe, Plaintiff was caused to suffer the injuries and damages described in Paragraph 8 of Count I.

WHEREFORE, Plaintiff prays judgment against Defendant Jane Doe in such sum in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as a jury deems fair and reasonable, together with his costs.

Respectfully submitted,

*/s/ David G. Hughes*
David G. Hughes  47676
MOGAB & HUGHES ATTORNEYS, P.C.
701 Market Street, Suite 1510
St. Louis, Missouri 63101
(314) 241-4477 (Telephone)
(314) 241-4475 (Facsimile)
davidhughes@mogabandhughes.com

*Attorney for Plaintiff*

Electronically Filed - Ste Genevieve - November 13, 2019 - 03:26 PM