UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL LURK, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19-CV-00230-ACL |
| | ) |
| vs. | ) |
| | ) |
| THE AMERICAN RED CROSS, | ) |
| | ) |
| and | ) |
| | ) |
| CASEY MARTIN, | ) |
| | ) |
| and | ) |
| | ) |
| JOAN DAMBACH, | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT**

Comes now Plaintiff Michael Lurk, by and through counsel and pursuant to this Court's May 11, 2021 Order, and for his Second Amended Complaint against Defendants The American Red Cross, Casey Martin, and Joan Dambach, states as follows:

1. That Plaintiff Michael Lurk (hereinafter "Plaintiff") is now and was at all times herein mentioned a resident of Ste. Genevieve, Missouri.

2. That on or about December 7, 2017, Plaintiff volunteered to donate blood through a blood drive held at Ste. Genevieve County Memorial Hospital in Ste. Genevieve, Missouri.

3. That Defendant The American Red Cross (hereinafter "Defendant TARC") is in the business of collecting, processing and distributing blood from individual volunteers such as Plaintiff and has a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances in the provision of blood collection services.

4. That Plaintiff's right arm blood donation was performed by either Defendant Casey Martin and/or Defendant Joan Dambach (Defendant TARC has yet to identify which one performed Plaintiff's right arm blood draw) (hereinafter "Defendant Martin" and "Defendant Dambach"), who at all times mentioned herein, were residents of Missouri acting as agents, servants, or employees of Defendant TARC within the scope and course of their agency and/or employment.

5. Prior to filing this Second Amended Complaint, Plaintiff's attorney obtained a written opinion from a competent and qualified Registered Nurse who is Vascular Access Board Certified (VA-BC), certifying the merit of this claim as required by law.

## COUNT I

Comes now Plaintiff, and for his cause of action against Defendant TARC, states:

6. That Plaintiff adopts every allegation contained in Paragraphs 1 through 5 as if fully alleged herein.

7. That Defendant TARC, by and through its agents, servants and employees, failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by healthcare professionals and was negligent in one or more of the following respects, in that:

(a) Defendant TARC's employees, agents and/or servants, Defendant Martin or Defendant Dambach, failed to identify an arterial puncture versus a venous puncture during the blood donation/collection procedure;

(b) Defendant TARC's employees, agents and/or servants, Defendant Martin or Defendant Dambach, failed to remove the needle from the right radial artery and to properly manage the arterial puncture site;

 (c)  Defendant TARC's employees, agents and/or servants, Defendant Martin or Defendant Dambach, lacked proper venipuncture technique during the blood donation/collection procedure, resulting in an arterial puncture;

 (d)  Defendant TARC failed to properly educate, train, precept and monitor Defendant Martin or Defendant Dambach as its employees, agents and/or servants, resulting in a documented puncture into Plaintiff's right arm radial artery and causing permanent injury to Plaintiff;

 (e)  Defendant TARC failed to properly educate Defendant Martin or Defendant Dambach related to the inadvertent arterial puncture and need to follow up with a physician for assessment and intervention.

 8.  That as a direct and proximate result of Defendant TARC's negligence, Plaintiff suffered severe right arm and right radial artery injury which has required numerous surgeries including, but not limited to, median nerve release, carpal tunnel release, radial artery bypass with vein graft, thrombectomy and repeat thrombectomy, multiple attempts of reconstruction of his radial artery, and Botox injections; Plaintiff has endured additional ongoing pain and suffering, has incurred approximately $200,000.00 in medical bills to date, and will require additional medical and surgical care including a deep venous arterialization; and Plaintiff has lost time and wages from work and will lose additional time and wages from work in the future.

 WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant TARC, jointly and/or severally, for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), and for his costs.

## COUNT II

Comes now Plaintiff, and for his cause of action against Defendant Martin, states:

9.  That Plaintiff adopts every allegation contained in Paragraphs 1 through 8 as if fully alleged herein.

10.  That Defendant Martin had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of her profession in the treatment of Plaintiff.

11.  That Defendant Martin failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by healthcare professionals and was negligent in one or more of the following respects:

(a)  Defendant Martin failed to identify an arterial puncture versus a venous puncture during the blood donation/collection procedure;

(b)  Defendant Martin failed to remove the needle from Plaintiff's right radial artery and to properly manage the arterial puncture site;

(c)  Defendant Martin lacked proper venipuncture technique during the blood donation/collection procedure resulting in an arterial puncture;

(d)  Defendant Martin was not properly educated, trained and/or prepared to perform the venipuncture procedure for blood donation/collection, resulting in a documented puncture into Plaintiff's right radial artery thereby causing permanent injury to Plaintiff;

(e)  Defendant Martin lacked patient education related to inadvertent arterial puncture and the need to follow up with a physician for assessment and intervention.

12. That as the direct and proximate result of the aforesaid negligence and carelessness of Defendant Martin, Plaintiff was caused to suffer the injuries and damages described in Paragraph 8 of Count I.

WHEREFORE, Plaintiff prays judgment against Defendant Martin, jointly and severally, in such sum in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as a jury deems fair and reasonable, together with his costs.

## COUNT III

Comes now Plaintiff, and for his cause of action against Defendant Dambach, states:

13. That Plaintiff adopts every allegation contained in Paragraphs 1 through 12 as if fully alleged herein.

14. That Defendant Dambach had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of her profession in the treatment of Plaintiff.

15. That Defendant Dambach failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by healthcare professionals and was negligent in one or more of the following respects:

(a) Defendant Dambach failed to identify an arterial puncture versus a venous puncture during the blood donation/collection procedure;

(b) Defendant Dambach failed to remove the needle from Plaintiff's right radial artery and to properly manage the arterial puncture site;

(c) Defendant Dambach lacked proper venipuncture technique during the blood donation/ collection procedure resulting in an arterial puncture;

(d) Defendant Dambach was not properly educated, trained and/or prepared to perform the venipuncture procedure for blood donation/collection, resulting in a documented puncture into Plaintiff's right radial artery thereby causing permanent injury to Plaintiff;

(e) Defendant Dambach lacked patient education related to inadvertent arterial puncture and the need to follow up with a physician for assessment and intervention.

16. That as the direct and proximate result of the aforesaid negligence and carelessness of Defendant Dambach, Plaintiff was caused to suffer the injuries and damages described in Paragraph 8 of Count I.

WHEREFORE, Plaintiff prays judgment against Defendant Dambach, jointly and severally, in such sum in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as a jury deems fair and reasonable, together with his costs.

Respectfully submitted,

*/s/ David G. Hughes*
David G. Hughes  47676
MOGAB & HUGHES ATTORNEYS, P.C.
13205 Manchester Road, Suite 100
St. Louis, Missouri 63131
(314) 241-4477 (Telephone)
(314) 241-4475 (Facsimile)
davidhughes@mogabandhughes.com

*Attorney for Plaintiff*